IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                                            CASE No. 4:16CR00114-GHD-JMV

PHILLIP E. VAUGHNS

## ORDER DENYING MOTION FOR BILL OF PARTICULARS

This matter is before the court on Defendant, Phillip E. Vaughn's, motion for a bill of particulars [16]. The motion has been briefed, and the court is ready to rule. For the reasons explained below, the motion will be denied.

By his motion, the defendant essentially seeks the names of co-conspirators and others who committed the same or similar offenses he is charged with, as well as the names of all persons with knowledge of any facts or circumstances referenced in the indictment. The Government opposes the motion, asserting: (1) the request is beyond the recognized scope of a bill of particulars and (2) sufficient, indeed extensive, information has already been disclosed and made available to the defendant in the discovery process. The Government also represents it has complied with the court's scheduling order and Rule 16 and is mindful of its duty to provide additional *Jencks* material prior to trial.

*Law and Analysis*

The function of a bill of particulars is to provide the defendant with the information about the pending charges that is necessary for preparation of his defense and to avoid prejudicial surprise at trial and avoid double jeopardy. *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980), *cert. denied*, 449 U.S. 1015 (1980); *United States v. Cantu*, 557 F.2d 1173, 1178 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978). Generalized discovery is not a permissible goal

of a bill of particulars. *United States v. Davis*, 582 F.2d 947 (5th Cir. 1978), *cert. denied*, 441 U.S. 962 (1979). In this Circuit a bill of particulars is not designed to compel the Government to give a "detailed exposition of its evidence or to explain the legal theories upon which it tends to rely at trial." *Burgin*, 621 F.2d 1359.

It is also well settled that a bill of particulars "may not be used for the purpose of obtaining a detailed disclosure of the Government's evidence in advance of trial." *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965)*, cert. denied*, 382 U.S. 901 (1965). Similarly, it is not the purpose of a bill of particulars merely to make preparation of the defense less difficult. *United States v. Bearden*, 423 F.2d 805, 809 (5th Cir. 1970), *cert. denied*, 400 U.S. 836 (1970). Evidence as to where conspiracy entered into, date and time of meetings involved in conspiracy, and details of overt acts were evidentiary material unavailable in a bill of particulars. *See United States v. Hubbard*, 474 F. Supp. 64, 81 (D.C. Cir. 1979)); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Penn. 1982) (defendant not entitled to details of conspiracy or all overt acts through bill of particulars).

The denial of a bill of particulars is within the sound discretion of the trial Court. *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983), *cert. denied*, 464 U.S. 822 (1983); *United States v. Hawkins*, 661 F.2d 436, 451-52 (5th Cir. 1981), *cert. denied*, 456 U.S. 991, 457 U.S. 1137 (1982). The defendant bears the burden of showing prejudice or a clear abuse of discretion by the court in denying a motion for bill of particulars. *See United States v. Burgin, supra*, at 1359.

In the instant case, the defendant's motion seeks the evidentiary details of the Government's case and other matters outside the proper office for a bill of particulars.

Accordingly, the motion is denied, but the Government is reminded of its obligation to carefully and fully comply with all of its discovery obligations.

**ORDERED** this 4th day of January, 2017.

                                                    **/s/ Jane M. Virden**
                                                  **UNITED STATES MAGISTRATE JUDGE**