UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 4:16-cr-00114-GHD-JMV

PHILLIP E. VAUGHNS

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a Plea Agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this Plea Agreement and approves same, realizing that the Plea Agreement is subject to acceptance or rejection by the Court. The Plea Agreement is as follows:

1. GUILTY PLEA. The Defendant agrees to plead guilty under oath to the Counts One and Three of the Indictment. Count One charges that the defendant, did knowingly and intentionally conspire with other persons known and unknown to the Grand Jury to transport, transmit, and transfer in interstate commerce from Leland, Mississippi to Cordova, Tennessee, stolen goods, that is soybeans having a value of $5,000 or more knowing the same to have been stolen and converted, in violation of Title 18, United States Code, Sections 371 and 2314, which carries maximum possible penalties of not more than 5 years imprisonment, not more than a $250,000 fine, or both, not more than 3 years supervised release, and a mandatory special assessment of $100. Count Three charges that the defendant did knowingly engage and attempt to engage in a monetary transaction by and through a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of Cargill, Inc. check # 80530600 in the amount of $23,525.01, such property having been derived from a specified unlawful activity, that is the theft and interstate transportation and transfer

of stolen goods in violation of Title 18, United States Code, Section 2314, all in violation of Title 18, United States Code, Section 1957, which carries maximum possible penalties of not more than 10 years imprisonment, not more than a $250,000 fine, or both, or not more than twice the amount of criminally derived property involved in the transaction, not more than 3 years supervised release, and a mandatory special assessment of $100.

2. OTHER CHARGES. The United States agrees not to charge the Defendant with any other offenses arising from or related to the above charges and agrees to dismiss all other counts of the Indictment as to this Defendant upon conclusion of sentencing.

3. RESTITUTION. The Defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. Section 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. FORFEITURE. The Defendant agrees to abandon all rights, title, and interest to $68,461.61 and any interest accrued currently deposited and interplead in the registry of the Circuit Court of Washington County, Mississippi in Civil Action No. 2014-0078.

5. OTHER AUTHORITIES. This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

6. VIOLATIONS OF THIS AGREEMENT. If the Defendant violates this agreement, all statements made pursuant hereto will be admissible against Defendant who hereby waives provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal

2

Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this Plea Agreement.

7. ACKNOWLEDGMENTS. No Other Agreements; Defendant Is In Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere is the plea documents, no promise or representation whatsoever has been made to the Defendant as to what punishment the court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements and understandings between the Defendant and the United States Attorney. The Defendant's agreement is knowing, free and voluntary, and not the product of force, threat, or coercion. The Defendant is pleading guilty because the Defendant is in fact guilty.

The foregoing constitutes the only Plea Agreement between the parties.

This the 6th day of March, 2017.

FELICIA C. ADAMS
UNITED STATES ATTORNEY
Mississippi Bar No. 1049

AGREED AND CONSENTED TO:

Phillip Vaughns, Defendant

APPROVED:

Brandon I. Dorsey
Attorney for Defendant
MS Bar No. 100291

3